UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GAINES,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO SHERIFF DEPARTMENT MEDICAL STAFF,<br><br>    Defendant. | Case No. 14-cv-02142-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

I.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

1    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

2    omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its

3    face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"

4    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

5    must be supported by factual allegations. When there are well-pleaded factual allegations, a court

6    should assume their veracity and then determine whether they plausibly give rise to an entitlement

7    to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

9    the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

10   committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

11   **II.   LEGAL CLAIMS**

12       Plaintiff states that sheriff's deputies assaulted him while at San Francisco County Jail.

13   The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial

14   detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490

15   U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Resolving such a

16   substantive due process claim requires courts to balance several factors focusing on the

17   reasonableness of the officers' actions given the circumstances. *White v. Roper*, 901 F.2d 1501,

18   1507 (9th Cir. 1990). These factors include: (1) the need for the application of force, (2) the

19   relationship between the need and the amount of force that was used, (3) the extent of the injury

20   inflicted, and (4) whether force was applied in a good faith effort to maintain and restore

21   discipline. *Id*. To prevail on an excessive force claim, a pretrial detainee must show the use of

22   force was excessive because it was not reasonably necessary to maintain or restore order or

23   discipline. *See Hydrick v. Hunter*, 500 F.3d 978, 997-98 (9th Cir. 2007) (excessive force claim

24   brought by civilly confined plaintiff), rev'd on other grounds, 129 S. Ct. 2431 (2009).

25       Plaintiff only states that he was assaulted by deputies and suffered serious injuries that

26   required medical attention. Plaintiff does not provide any other details regarding the assault nor

27   does he identify any specific defendants or their actions. The complaint will be dismissed with

28

United States District Court
Northern District of California

leave to amend. Plaintiff must describe the incident, identify the defendants, the specific acts of each defendant and the injuries he suffered.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
JAMES DONATO
United States District Judge

14-cv-02142-JD-_dwlta